U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 4 2018

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL STEWART, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-054-A |
| | § | (NO. 4:15-CR-212-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Christopher Michael Stewart ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:15-CR-212-A, styled "United States of America v. Christopher Michael Stewart," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 16, 2015, movant was named in a one-count indictment charging him with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(B). CR Doc.[1] 10. On November 6, 2015, movant appeared for rearraignment and pleaded guilty to the count of the indictment. CR Doc. 18. He signed a factual resume setting forth the maximum penalty he faced, the elements of the offense, and stipulated facts that established his guilt. CR Doc. 19. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 49.

According to the PSR, movant had a base offense level of 36 plus two-level enhancements for possession of a dangerous weapon and maintaining a drug-involved premises. CR Doc. 21, ¶¶ 25-27.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-212-A.

He received a three-level reduction for acceptance of responsibility. Id., ¶¶ 32-33. Movant's criminal history category was VI, giving him an advisory guideline range of 360 to 480 months. Id., ¶¶ 52, 102. Movant raised several objections, including an objection to the purity and quantity of methamphetamine for which he was held accountable. CR Doc. 26. The court ordered that further testing be conducted. CR Doc. 27. The testing actually established a basis for a higher level of purity, which, in turn, produced an even greater drug quantity, but did not change the guideline range. CR Doc. 29. Movant then raised a new objection as to treatment of cash that was seized at his arrest. CR Doc. 34. His objections were overruled at sentencing. CR Doc. 47 at 7-10. The court noted that movant's true offense conduct would have subjected him to a life sentence. Id. at 24.

The court sentenced movant to a term of imprisonment of 480 months. CR Doc. 47 at 25; CR Doc. 40. Movant appealed and his sentence was affirmed. United States v. Stewart, 672 F. App'x 501 (5th Cir. 2017).

II.

## Grounds of the Motion

Movant raises two grounds in support of his motion, both predicated on ineffective assistance of counsel. The grounds and supporting facts are worded as follows:

> GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL
>
> Appeal attorney J. Warren St. John failed to file a writ of certiorari when defendant, Christopher Stewart requested appeal attorney to file a writ of certiorari on his behalf. According to the criminal justice act adopted by the Fifth circuit Court of appeals, when a client request attorney of record to file a writ of certiorari the attorney must do so or the attorney must withdraw as counsel from record.

Doc.[2] 1 at 4-5.[3]

> GROUND TWO: APPEAL COUNSEL FAILED TO PROPERLY COMMUNICATE WITH DEFENCENT [sic] STEWART
>
> During the whole appeal process appeal attorney J. Warren St. John never communicated with his client Christopher Stewart by phone or by visit, while filing Mr. Stewarts [sic] appeal brief of wich [sic] if appeal counsel had communicated with his client properly, yth [sic] outcome of the appeal would have been different. Appeal counsel only communicated with Mr. Stewarts [sic] family and not his client. Christopher Stewart is the one who counsel was to represent not Mr. Stewarts [sic] family.

Id. at 6.

III.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

[3] The court refers to the ECF page numbers, not the typewritten page numbers on the form movant filed.

## Standards of Review

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

5

collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome

6

a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A defendant does not have a constitutional right to counsel when petitioning the Supreme Court for a writ of certiorari. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Since there is no constitutional right to counsel, movant could not be deprived of effective assistance of counsel when his retained counsel failed to file a petition for certiorari on his behalf. Wainright v. Torna, 455 U.S. 586, 587-88 (1982); United States v. Lauga, 762 F.2d 1288, 1291 (5th Cir. 1985). Thus, movant's first ground is without merit.

Movant's second ground is wholly conclusory and fails to state a claim. Miller, 200 F.3d at 282. Movant complains that his counsel did not consult him, but he fails to point out what claim should have been raised that would have affected the outcome of the appeal. Counsel is not ineffective for failing to raise every ground requested by a defendant or for failing to raise every

possible ground. <u>Sharp v. Puckett</u>, 930 F.2d 450, 452 (5th Cir. 1991). The presumption is that his counsel made reasonable decisions consistent with a sound legal strategy. <u>Strickland</u>, 466 U.S. at 689.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 4, 2018.

_____
JOHN McBRYDE
United States District Judge